# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GLENN DORSEY,**

    Plaintiff,

vs.                                             Case No. 4:18cv420-MW/CAS

**CAPITAL TITLE,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case was initiated on September 6, 2018, when the pro se Plaintiff submitted a civil complaint, ECF No. 1, and in forma pauperis motion, ECF No. 2. The in forma pauperis motion was granted, *see* ECF No. 5, but Plaintiff's complaint was insufficient as filed.

The complaint, ECF No. 1, was brought against Capital Title, which is a business in Georgia. ECF No. 1 at 2. However, Plaintiff's complaint lacked sufficient facts to indicate the business could be considered a "state actor" that may be sued under 42 U.S.C. § 1983. Moreover, although Plaintiff asserted that the case was brought pursuant to this Court's federal question jurisdiction, ECF No. 1 at 3-4, the complaint did not plausibly

allege the violation of federal law or the United States Constitution. *See* ECF No. 5. Thus, Plaintiff was required to demonstrate that this Court had jurisdiction over Plaintiff's claim.

In directing Plaintiff to do so, it was also noted that the basis of this case was Plaintiff's challenge to a contract for a loan. ECF No. 1 at 6, 9. It appeared that Plaintiff obtained a loan from the Defendant and used his motor vehicle as collateral.[1] *Id.* at 11-13. Plaintiff sought monetary damages of $150,000,000.00, *id.* at 7, but he did not allege a good faith basis for seeking that amount of damages because Plaintiff's loan amount was for $500.00, and the vehicle he put up for collateral was a 1995 Chevrolet Beretta. The specific value of that vehicle is unknown, but it is unquestionably not worth $150,000,000.00. Accordingly, it did not appear that Plaintiff could state a claim pursuant to this Court's diversity of citizenship jurisdiction either. 28 U.S.C. § 1332(a).

An Order was entered requiring Plaintiff to demonstrate that this Court has subject matter jurisdiction over this action by October 24, 2018. ECF No. 5. Plaintiff has not responded to that Order.

---

[1] An attachment to the complaint revealed Plaintiff's loan amount was for $500.00 and he was required to repay $650.00. *Id.* at 12.

A court has a responsibility to determine that subject matter jurisdiction exists. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000) (cited in Nationwide Prop. & Cas. Ins. Co. v. Dubose, 180 F. Supp. 3d 1068, 1071 (S.D. Ala. 2016)). In this case, Plaintiff has not alleged facts which support a claim under this Court's federal question jurisdiction or diversity jurisdiction because he has not satisfied the amount in controversy requirement. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (stating that a "plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.").

Plaintiff has also not responded to a Court Order and it appears he has abandoned this litigation. Plaintiff was warned that if he failed to comply with the Order, it might result in a recommendation of dismissal of this action. Having been so advised, it is now appropriate to dismiss this action for failure to state a claim, and for failure to prosecute.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim

upon which relief may be granted and for failure to prosecute by his failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on November 5, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**